## JULIUS WITTLIFF ET AL. v. M. J. BISCOE.

### Decided May 12, 1910.

**1.—Vendor's Lien—Waiver—Fraud—Rescission.**

Defendant having plead, in answer to a suit to foreclose a vendor's lien, a waiver by taking other security for the deferred payment, an allegation by plaintiff in reply showing fraud inducing the taking of such additional security was proper as an answer to the plea of implied waiver of the vendor's lien, and was not subject to exception on the ground that the fraud alleged was unavailable except as a ground for rescinding the whole transaction.

**2.—Same.**

Fraud was available in avoidance of an alleged waiver of a vendor's lien by subsequently taking other security, though the transactions so pleaded were later than the sale and the creation of the lien.

**3.—Pleading—Relevant Facts.**

Facts, such as bankruptcy of a party, immaterial to the issue of waiver of a lien except as affording explanation of the acts relied on as implying such waiver, may be pleaded to explain the transaction and avoid such implication.

**4.—Evidence—Materiality—Prejudice.**

Admission of immaterial evidence is not ground for reversal where it could not have prejudiced the party complaining.

**5.—Vendor's Lien—Waiver.**

Evidence considered and held not to show that a sale of land was, by implication of law, made with waiver of the vendor's lien for deferred payments, and to support a finding that there was no waiver of the lien in fact by direct agreement.

Appeal from the District Court of Palo Pinto County. Tried below before Hon. W. J. Oxford.

*W. P. Gibbs* and *E. P. Ritchie,* for appellant.—Fraudulent representations as to Wittliff's solvency could not avoid the transaction as to waiver only and otherwise affirm it. He could not affirm in part and rescind in part the same transaction. And there being no offer to rescind the entire transaction, the allegations should have been stricken out. 2 Pomeroy's Eq. Jur., secs. 915, 916; Burson v. Blakeley, 2 S. W., 668.

The uncontradicted evidence showing that the time of the sale by plaintiff of the property upon which foreclosure is sought to defendant Julius Wittliff, the plaintiff took the note of said Julius Wittliff for the unpaid purchase money, to wit: the sum of $1,330, payable in ten days from date and agreed with said defendant to take as security for payment of same or such part thereof, as might not be paid at the end of the ten days, a deed of trust on 157 acres of land in Rusk

County, and there being no evidence tending to show an agreement on the part of plaintiff and said defendant for a lien upon the land conveyed, it should be conclusively presumed that the lien was waived upon the property conveyed, and the court should have peremptorily instructed the jury to find for defendants on the issue of foreclosure, as requested. Faver v. Robinson, 46 Texas, 206; Brown v. Christie, 35 Texas, 690; Flanagan v. Cushman, 48 Texas, 244; Pridgen v. Warren, 15 S. W., 559.

*Gross & Allen,* for appellee.—Where a vendor has been induced to accept other security through fraud or misrepresentations on the part of the vendee, such security does not waive the equitable lien for unpaid purchase money, and the vendor may sue for his debt and charge the land by him conveyed with such lien. Material allegations of fraud in such a case are proper. Cecil v. Henry, 93 S. W., 216; Cresap v. Manor, 63 Texas, 485; Marshall v. Marshall, 42 S. W., 353; Letcher v. Least, 60 S. W., 256; 29 Am. & Eng. Enc. of Law, (2nd ed.) p. 767; 14 Am. & Eng. Enc. of Law, (2nd ed.) p. 176; 10 Current Law, p. 1962; Yoemans v. Bell, 79 Hun (N. Y.) 215; Heinz v. Langley, 85 Ind., 77; Florida v. Morrison, 44 Mo. App., 529; Bradley v. Bozley, 1 Barb. Chan., 123.

It is proper to plead that which it is proper to prove.—O'Neal v. Bank, 67 Texas, 36; 9 Cyc., 580, 581.

LEVY, ASSOCIATE JUSTICE.—The appellee agreed to sell his house and lot in Mineral Wells, Texas, to the appellants for the consideration of $4,500, payable as follows: A note for $3,095 and the interest, secured by a mortgage on certain property known as the Pike Well, and $1,405 in cash. The cash was to be paid in the following terms of agreement: $75 at the time of the sale, and $1,330 in ten days from the date of the sale, and to be evidenced by a promissory note. The deed to the property was executed and delivered to Julius Wittliff, the husband of Mrs. S. Wittliff, and recited the consideration as paid, and was a general warranty deed in form. The day following the execution of the deed, Julius Wittliff deeded the same over to his wife, reciting "$1 and love and affection." The $3,095 mortgage note was the separate estate of Mrs. Wittliff. Mrs. Wittliff knew and participated in the negotiation of the terms of sale between appellee and her husband. The note was not paid, and appellee instituted suit to recover the amount of the same against Julius Wittliff, and to foreclose the vendor's lien against the property against both Mrs. Wittliff and her husband. Appellant, Mrs. Wittliff, answered, among other things, that appellee agreed to convey to her the property free of any lien or claim on account of unpaid purchase money, and agreed to look solely to her husband for the $1,330, and that appellee waived his lien and released the property of any claim on account of the note. The appellee, by replication to the answer denied that there was any agreement to waive the vendor's lien and look to other security alone, and averred that other security was accepted as additional security, and not in release or abandonment of his vendor's lien. The trial was to a jury on special issues. Judgment was entered for appellee for

his debt against Julius Wittliff and for foreclosure of the lien on the property conveyed.

The evidence shows that at the maturity of the ten-day note for $1,330 it was not paid, and a renewal thereof was executed payable October 1st after date, and a deed of trust was executed by Julius Wittliff to secure same on 157 acres of land in Rusk County, Texas. It appears in the record that at the time Wittliff gave the deed of trust on Rusk County land, he was not the owner of the land, but had several months prior thereto conveyed same by deed of record to other parties. The evidence is in conflict as to whether there was an agreement between the appellee and the appellants at the time of the sale of the property in question, to waive the vendor's lien for the unpaid purchase money and to accept other security for the unpaid purchase money. The jury decided the conflict against the contention of appellants and in favor of appellee, and the finding is supported by the testimony. All the material issues of fact in the case were decided against the contention of appellants and in favor of appellee, and, as they were supported by the evidence, we assume the truth thereof.

*After stating the case.*—The first, second and third assignments can be disposed of in combination as challenging the action of the court in overruling exceptions made to the replication of appellee to the answer of appellants. The appellant, Mrs. Wittliff, made answer to the suit of appellee to foreclose a vendor's lien on the house and lot conveyed by him to appellants for the amount of the note in suit, that the appellee agreed to convey the property to Mrs. Wittliff free of any lien or claim on account of unpaid purchase money and agreeing to look solely to Julius Wittliff, her husband, for the sum of the note and $75 additional, and that appellee at the time of the sale expressly waived his vendor's lien, and released Mrs. Wittliff and the property from all claim on account of the note. Stated in a simple way, the appellants plead a waiver of the vendor's lien at the time of sale of the property (1) by express agreement, and (2) by an agreement to look to Julius Wittliff, the husband, and other security. The appellee made reply to the answer of waiver, and (1) denied that there was any agreement to waive the vendor's lien, and (2) asserted as to the security on 157 acres of Rusk County land, that subsequent to the sale "plaintiff accepted said deed of trust as additional security for said note." The replication of appellee undertook to set up all the facts in explanation of the sale of the house and lot to appellants, and the taking of the security on the Rusk County land. There were averments in detail, in the explanation stated, of fraudulent representations made by Wittliff to appellee to deceive and induce the taking of the security on the Rusk County land. The fraudulent representations alleged were as to his solvency, and value and ownership of the land. There were allegations affirmatively showing insolvency by bankruptcy, want of ownership in the Rusk County land, and the worthlessness of the same. Appellants excepted to the allegations of fraud, and fraudulent representations, and bankruptcy, on the grounds stated. 1. "They further specially except to said allegations alleging that such fraudulent representations were made at, and prior to the time of the conveyance to the defendant by plaintiff of the property in controversy,

and that such allegatibns were relied upon by the plaintiff, and were an inducement to him to make the said trade because plaintiff does not anywhere in said petition or elsewhere, ask for a rescission, and he can not affirm the said transaction in part and rescind same in part. 2. "And further specially except to all such allegations as to such representations being made after the consummation of the transaction in question, for the reason that such representations could have been no inducement to plaintiff in the transaction." 3. The affirmative allegations as to insolvency and bankruptcy were excepted to as immaterial and having no bearing upon the validity of the lien. We think there was no reversible error in the ruling of the court on the grounds contended for by appellants.

Appellants' first exception is, in effect, the contention that appellee could not plead the explanation of the taking of the security on the Rusk County land, because, there being no offer to rescind the entire transaction of sale of the land in suit, to seek to avoid as to the waiver of the lien only, and otherwise affirm the sale of the land, would be to seek rescission in part and affirmance in part of the same transaction, which is a remedy not allowable. The point presented is not, we think, raised by the appellee's replication. The pleading does not seek to rescind in part and affirm in part the same transaction. The averment here complained of was a statement of one taking, and reasons inducing the taking, of security on the Rusk County land. The purpose of the averments was to put the court in full possession of the facts concerning the taking of such security, that the court might determine whether the taking of such security in the circumstances was operative as an implied waiver between the parties. The replication expressly denied an agreed release or waiver of the lien, and affirmed the taking of the security on the Rusk County land as additional security. And the replication, going further, sought to explain the taking of this other security in order to prevent the act from being construed as a matter of law by the court as an implied waiver of the lien, by intention of the parties. The only questions arising on such allegations would be, it is seen, whether the vendor's lien had been intentionally released by the parties, and whether the taking of other security operated as an implied waiver of the lien. If on the trial of the case on its merits it should appear that there was an intentional release of the lien by the parties, then a verdict would be against foreclosure. Or if there were an implied waiver of the lien by taking other security, the verdict would be against foreclosure. The question of whether the taking of this security should in this case be held as working a waiver of the lien, is another question arising on the facts, and is ruled upon later on under the proper assignment. It is, as seen, simply a question of waiver or no waiver, presented by the replication, and its determination in the facts of the case ended the controversy of foreclosure of the lien. The remedy sought by the suit was strictly of foreclosure, and not one in rescission in equity. Consequently, we think, the contention of appellants can not be sustained on the ground stated.

The overruling of the second exception could not be held reversible error. The pleading was not relying on the remedy of rescission of a

contractual agreement to waive the lien induced on representations made after the consummation of the sale, but was claiming that there was no agreement at any time to waive the lien. The replication would show that appellee relied on the vendor's lien as well as the security taken at the time.

The exception on the third ground is not reversible error. The bankruptcy of appellant Wittliff, if a fact taken alone, could have no bearing on the validity of the lien. But the averment was, in connection with all the facts, in explanation of the taking of the security as bearing upon the implied waiver thereby. If immaterial allegations in the case, it does not necessarily follow that the case should be reversed because not stricken out on exception, solely because immaterial.

The fourth, fifth, sixth, seventh and eighth assignments all relate to the admission of certain evidence. The main objection is, that as appellee did not offer to rescind the sale, the evidence was immaterial. We do not think reversible error is shown, or can be predicated on the bills of exception. If any of the evidence was subject to the objection that it was immaterial, no possible injury could have resulted to appellants by its introduction.

The ninth, tenth and eleventh assignments are considered together and ruled upon as presenting the same question. The appellant challenges the action of the court in refusing a peremptory instruction to the jury to return a verdict against the existence of a lien on the property, and in foreclosing the vendor's lien. The point presented is, that the evidence conclusively established that appellee waived and released the vendor's lien on the land at the time of the sale and delivery of the deed, and in consequence, there could be no foreclosure of the lien decreed. The evidence relied on by appellants to sustain the contention made rests in the findings of the court. (2) "That nothing was said between plaintiff and either of the defendants at the time of the execution and delivery of the deed, or prior thereto, with reference to plaintiff retaining or waiving a lien upon the property conveyed, and, (3), that at the time of the execution and delivery of the deed from plaintiff to defendant, Julius Wittliff, and the execution of the ten days' note for $1,330 it was agreed between plaintiff and said Julius Wittliff that to secure payment of said amount or whatever part thereof was not paid at the end of the ten days, said Julius Wittliff should execute to plaintiff a deed of trust upon the 157 acres of land in Rusk County, Texas." On the findings of the jury in connection with the findings by the court, the court decreed a foreclosure of the lien. The court does not make the specific finding that the appellee agreed to waive and release the vendor's lien and look only to the security of the 157 acres, in the event the $1,330 purchase money was not paid at the end of ten days. The decree ordering the foreclosure involves the conclusion of the court that appellee did not agree to waive the lien if the note was not fully paid at the end of ten days. Considering the finding of the jury in connection with the finding of the court, the evidence must be held to have established the fact to be that appellee did not contract to waive and release the lien at the time of sale. Unless it can be said from the record, therefore, that the evi-

dence as a whole shows, as a matter of law, that appellee did contract to waive and release the lien at the time of sale, and we do not think it can be said, then we would not be warranted in sustaining the assignments as error. This requires a review of the evidence in the light of the pleading. Mrs. Wittliff plead that appellee agreed to convey her the property for $1,095 mortgage note, and agreed, as a part of the consideration, to look solely to her husband for payment of the $1,405, or to such security as he and her husband might between themselves agree upon, and to convey the title to the property to her, free from any lien or encumbrance on same, in favor of appellee on account of the $1,405, and agreed that the lien was not to be retained on the property to secure the unpaid purchase money. The appellee replied to the pleading, denying that there was an agreement to release or abandon the vendor's lien for the purchase money, and asserting that the taking of other security, subsequently was an additional security only. The testimony for appellee shows that the agreement was to convey the property for the mortgage note of $3,095 and interest, and $75 cash, and $1,330 payable in ten days after date, and to be evidenced by the joint note of Mrs. Wittliff and her husband. Appellee says it was his understanding that Mrs. Wittliff and her husband "were buying the place for a home together." Mrs. Wittliff testified that the agreement was, that she transfer and deliver the Pike Well note for $3,095, and appellee "take Mr. Wittliff for the balance and waive the lien," and "he agreed to that and we traded right there and then." Appellee says, "I did not then and there, or at any time agree with Mrs. Wittliff to accept the note with Julius Wittliff's signature alone, and to make the trade waiving the signature and taking such security as Wittliff himself might give. I did agree, however, to accept the note without her signature. Wittliff advised me that he could raise that amount of money at an early date, and I suggested to him that twenty or thirty days would be satsifactory to me, and he replied that ten days would be ample time for him to get the money, and the note was then made accordingly. He was sure that he could get the money, and told me, further, that what he did not pay of the full amount, he would secure to me by a deed of trust on a farm worth $1,600. This was following the conversation with Mrs. Wittliff in which she refused to sign the note. In accepting this ten days' note I expected it to be paid, and nothing was said in any way about waiving a lien on the property I was selling for the amount of the note. The matter was not mentioned one way or another, nor did I have any agreement with Mrs. Wittliff to waive any lien in connection with the matter in any way." Clearly, the issue of a contractual agreement to release the vendor's lien for the unpaid purchase money is raised by the evidence, and the testimony is conflicting. If conflicting, as it was, it was a question for the jury. The issue was passed to the jury, and they made the finding that appellee, at the time of, or prior to, the execution and delivery of the deed did not agree with Mrs. Wittliff "to convey the title to the property in question free from any lien on account of the $1,330 note." Appellant did not plead and claim any release and waiver subsequent to the sale, but pleads and asserts a waiver at the time of sale. If the waiver and release of the lien must rest on con-

tractual agreement of waiver and release, as plead, it can not, under the finding of the jury, be here, for the finding establishes that there was no contractual agreement to do so. The evidence would not warrant the ruling as a matter of law that there was an agreed waiver and release. These facts do not bring the case within the rule announced by the cases cited by appellant. Here, appellee expressly denied any agreement to waive and release a lien, and the facts warrant the finding that he did not. It being undisputed that the $1,330 sued for was the amount of the unpaid purchase money for the property, and that appellee by operation of law had a lien to secure its payment, and the lien not being released or waived as established by the jury, a decree of foreclosure was properly entered by the court.

There being no reversible error shown, the judgment was ordered affirmed.

*Affirmed.*

Writ of error refused.